IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-0726-WYD-KLM

ARTISAN AND TRUCKERS CASUALTY COMPANY,

    Plaintiff,

v.

AIFA TRUCKING, LLC;
SILVA TRUCKING, INC.;
LUIS AVILA;
MARIO CONTERAS and ANA HOLGUIN as Parents and Next Friends of VALERIA CONTERAS-HOLGUIN (Deceased Minor);
MARTIN ROJAS as Parent and Next Friend of XIMENA ROJAS (Minor) and ANGELA ROJAS (Minor);
MARIA DE LOURDES MACIAS;
NORMA HOLGUIN as Parent and Next Friend of ENRIQUE OLIVAS (Minor);
RICKY HUFF;
DONALD HUFF;
GEORGE DREITH,

    Defendants.
_____

**ORDER ON MOTION TO DISMISS**
_____

I.    INTRODUCTION & BACKGROUND

THIS MATTER is before the Court on Plaintiff's Motion to Dismiss Abuse of Process Claim of Defendants Mario Conteras and Ana Holguin, as parents and next friends of Valeria Conteras-Holguin; Martin Rojas, individually and as parent and next friend of Ximena Rojas and Angela Rojas; Maria DeLourdes-Macias; and Norma Holguin, individually and as next friend of Enrique Olivas (ECF No. 26), filed on July 8, 2015. The matter is fully briefed.

On October 11, 2014, Defendant Luis Avila was driving a tractor trailer in Weld County, Colorado. Approaching stopped vehicles on the road, Avila failed to stop in time

and swerved into the left lane.   Upon swerving, his trailer collided with a car owned by Defendant Norma Holguin, and driven by Defendant Martin Rojas.   Defendants Norma Holguin, Maria DeLourdes-Macias, Enrique Olivas, Valeria Conteras, Ximena Rojas, and Angela Rojas were passengers of the car.   Valeria Conteras was pronounced dead at the scene.   The other passengers suffered injuries as a result of the accident.

On March 9, 2015, Defendants Mario Conteras, Ana Holguin, Martin Rojas, Maria DeLourdes-Macias, and Norma Holguin ("Conteras Defendants") filed a lawsuit in Weld County District Court against Luis Avila, AIFA Trucking, LLC, and Silva Trucking, Inc. for the wrongful death of Valeria Conteras and for injuries and damages suffered in the accident.

The Plaintiff in this case, Artisan and Truckers Casualty Company ("Artisan"), issued a Commercial Auto Insurance Policy to AIFA Trucking for the period from September 10, 2014 to September 10, 2015.   The policy also contained a MCS-90 endorsement issued under the Federal Motor Carrier Act of 1980.   Artisan was not a named Defendant in the state court action.

The parties dispute Artisan's liability under the applicable insurance policies.   On April 8, 2015, Artisan filed a complaint in this Court for declaratory judgment against all of the Defendants referenced in the caption above, seeking judgment that the insurance policy it issued did not provide liability coverage, and that Artisan owes neither defense nor indemnity under the policy in connection with the underlying wrongful death Weld County state court action arising out of the subject accident.

On June 19, 2015, the Conteras Defendants filed an Answer to Plaintiff's Complaint, and included two Counterclaims against Plaintiff: 1) seeking declaratory judgment of Artisan's insurance liability for the underlying accident, and 2) claiming misuse and abuse of process by Plaintiff in filing the Complaint against the Conteras Defendants. Plaintiff urges the Court in the present motion to dismiss the abuse of process claim against it by the Conteras Defendants.

The Conteras Defendants seek damages, costs, pre- and post-judgment interest, and attorney's fees. Plaintiff argues that the Conteras Defendants have failed to state a claim for which relief may be granted, and that the abuse of process claim should be dismissed.

## II.   STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although this standard does not require detailed factual allegations, it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 678 (2007). Further, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do' . . . [n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555, 557).

A motion to dismiss can be granted if a complaint fails to state a claim upon which

relief can be granted. Fed. R. Civ. P. 12(b)(6). In order for a complaint to survive a motion to dismiss, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*, citing *Twombly*, 550 U.S. at 570. Facial plausibility is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Twombly*, 550 U.S. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," and indeed, when a complaint "pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*, citing *Twombly*, 550 U.S. at 557 (some quotations omitted).

If the facts do not permit a court to infer more than the mere possibility of misconduct, "the complaint has alleged – but it has not 'show[n]'- 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, citing Fed. R. Civ. Pro. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A "plaintiff must 'nudge [ ][his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Deatley v. Allard*, 2015 WL 134271, at *2 (D. Colo. Jan. 9, 2015), citing *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir.2007).

- 4 -

III.     ANALYSIS

A valid abuse of process claim must allege "(1) an ulterior purpose for the use of a judicial proceeding; (2) willful action in the use of that process which is not proper in the regular course of the proceedings, that is, use of a legal proceeding in an improper manner; and (3) resulting damage." *Walker v. Van Laningham*, 148 P.3d 391, 394 (Colo. App. 2006). In *Walker*, the court noted that "[t]he essence of the tort of abuse of process is the use of a legal proceeding primarily to accomplish a purpose that the proceeding was not designed to achieve." *Id.*, citing *Yadon v. Lowry,* 126 P.3d 332, 337 (Colo. App. 2005). "Establishment of a prima facie case requires not only proof of an ulterior motive but proof of willful actions by the defendant in the use of process which are not proper in the regular conduct of a proceeding." *Id.*; *Aztec Sound Corp. v. W. States Leasing Co.*, 510 P.2d 897, 899 (Colo. App. 1973); *Inst. for Prof'l Dev. v. Regis Coll.,* 536 F.Supp. 632, 635 (D. Colo. 1982). To find abuse of process, "[t]he legal proceeding must be used in an improper manner, for example, to accomplish a coercive goal." *Id.; see Palmer v. Tandem Mgmt. Servs., Inc.,* 505 N.W.2d 813, 817 (Iowa 1993) ("The improper purpose is ordinarily an attempt to secure from another some collateral advantage not properly includable in the process itself and is a form of extortion in which a lawfully used process is perverted to an unlawful use.").

Some examples of abuse of process cases in Colorado courts (as cited in *Walker*) include *Coulter v. Coulter,* 214 P. 400, 403 (Colo. 1923) (defendant instituted lunacy proceedings against plaintiff upon a false affidavit and for the "atrocious" purpose of

alienating plaintiff from his mother); *Am. Guar. & Liab. Ins. Co. v. King*, 97 P.3d 161 (Colo. App. 2003) (party filed a lawsuit against a wife to obtain money from her husband without a valid claim); *Colo. Homes, Ltd. v. Loerch–Wilson,* 43 P.3d 718 (Colo. App. 2001) (party obtained a temporary restraining order for purposes other than preventing the opposing party from threatening harm); *Lauren Corp. v. Century Geophysical Corp.*, 953 P.2d 200 (Colo. App. 1998) (party requested a declaratory judgment not to obtain declaratory relief, but to coerce the opposing party to transfer its software to a third party); *Aztec Sound Corp. v. W. States Leasing Co.*, 510 P.2d 897 (Colo. App. 1973) (leasing company commenced replevin action to repossess equipment and used such process to extract payment from lessee under threat of removing equipment and thereby closing down lessee's business).

Here, under the first element, it appears that the Conteras Defendants argue that Plaintiff's "ulterior purpose" in initiating the proceeding was to "gain a tactical advantage in the Underlying State Court action by harassing the Conteras Defendants and forcing them to retain attorneys" when Plaintiff allegedly knew that it was liable for insurance coverage under the policy. Def.'s Counterclaim, ECF No. 15, p. 8. Plaintiff filed its Complaint seeking declaratory judgment under 28 U.S.C. § 2201(a) and Fed. R. Civ. P. 57, "to determine an actual case and controversy between [Artisan] and Defendants regarding the parties' respective rights and obligations under a policy of insurance issued by [Artisan] to AIFA [Trucking, LLC]." Compl., ¶ 19. In asserting a claim for declaratory judgment, a plaintiff "must assert a claim for relief that, if granted, would affect the

behavior of the particular parties listed in his complaint." *Jordan v. Sosa*, 654 F.3d 1012, 1025 (10th Cir. 2011) (citations omitted).  An action seeking declaratory relief properly addresses all interested parties that may be affected by any resulting declaratory relief. *See* 28 U.S.C. § 2201(a).

Plaintiff's request for declaratory relief was properly filed, naming all interested parties, and seeks to impose a declaration that would affect each of those parties.  It is clear that the Conteras Defendants do not find merit in Plaintiff's claims, but those arguments are more properly asserted in either their own motion for declaratory judgment (which they have already made), or in a substantive response to the Plaintiff's Complaint. I make no ruling at this time as to whether or not Plaintiff's claim for declaratory relief should be granted; I only find that the filing of the Complaint, and the naming the Conteras Defendants as parties, was proper in form, and in no way suggests that Plaintiff sought any kind of abusive ulterior purpose to gain advantage in a state court action (to which it is not even a party) by forcing the named Defendants to seek legal representation.  Indeed, if naming defendants in a legal action who then seek legal representation was considered abuse of process, most lawsuits would never be filed.

Further, the Conteras Defendants fail to assert sufficient factual allegations to support a finding of any ulterior purpose on the part of Plaintiff in filing this action.  Apart from the threadbare conclusion that Plaintiff sought a tactical advantage in the state court action, the counterclaim is devoid of facts that would support the first element of an abuse of process claim against Plaintiff.

As to the second element – use of a legal proceeding in an improper manner – the Conteras Defendants state that Plaintiff is "using its superior economic resources in an attempt to intimidate and discourage[] Defendants from participating in this action." As support for this, the Conteras Defendants cite a paragraph in Plaintiff's Complaint that states:

> [Artisan] does not, by bringing this action, request the assistance or participation of any of the Defendants in this action. To the extent that the Defendants wish to participate in this action, such participation concerns their assertion or protection of their own rights and claims, if any, which rights and claims are adverse to [Artisan]."

Def.'s Counterclaim, ECF No. 15, p. 7.

I do not interpret this paragraph as an illegal attempt to "discourage" the Conteras Defendants from participating in the action, nor do I find anything in Plaintiff's Complaint that can reasonably be construed as "an attempt to intimidate" these defendants. The Conteras Defendants rely only on unsupported allegations and legal conclusions. Under prevailing case law, this is insufficient to state a claim.

As to the third element, the Conteras Defendants claim that Plaintiff was "aware of the fact that these Defendants have suffered and continue to suffer from emotional and physical injuries as a result of the collision, [are] unsophisticated in matters of insurance, and [are] persons of limited financial means," and that "these Defendants have suffered, and continue to suffer, damages and losses, including but not limited to emotional distress, anxiety, loss of enjoyment of life, and attorney's fees." *Id.* at 7-8. Again, these are only allegations and legal conclusions, devoid of any factual support.

In deciding their abuse of process claim, the Conteras Defendants argue that the Court must analyze their substantive arguments for declaratory relief against the Plaintiff, which assert that Plaintiff has an obligation under the insurance policy for the underlying accident. Def.'s Response, ECF No. 29, p. 6. For support, they cite the *Lauren* case (*supra*), and *Am. Family Mutual Ins. Co. v. Bowser*, 779 P.2d 1376, 1381 (Colo. App. 1989) for the proposition that abuse of process may be found against parties who file declaratory relief either for coercive purposes or without reasonable justification. The Conteras Defendants assert that, since Plaintiff's claims have no substantive merit, they are filed without reasonable justification.

In *Lauren*, the court found that the defendant's claim was an abuse of process because "the action lacked any basis in law," including a lack of jurisdiction. *Lauren*, 953 P.2d at 203. The defendant in *Lauren* was using litigation for the sole purpose of coercing the plaintiff to transfer software to a third party, and not for any legitimate litigious purpose. *Id.* at 202. As discussed above, Plaintiff's claim was properly filed, naming all interested parties, and seeks to impose a declaration that would affect each of those parties. Therefore, I find no impermissible coercive basis for the filing of Plaintiff's Complaint.

The court in *Bowser* dealt with a request for declaratory relief by an insurance company in which the insured made claims of bad faith against the insurer. The Conteras Defendants have not made a bad faith claim in this action. Nevertheless, the *Bowser* case is still distinguishable in that the court there noted that "[t]he declaratory

judgment procedure was established primarily 'to provide a ready and speedy remedy, in cases of actual controversy, for determining issues and adjudicating the legal rights, duties, or status of the respective parties, before controversies with regard thereto lead to the repudiation of obligations, the invasion of rights, and the commission of wrongs.'" *Id.* at 1380, citing *People ex rel. Inter–Church Temperance Movement v. Baker,* 297 P.2d 273 (Colo. 1956).   "It provides an early relief from uncertainty as to the future obligations for one who would normally be a defendant and who otherwise would not have his questions adjudicated until his adversary takes the initiative."   *Id.* (citations omitted).   "It is a procedural, not a substantive, remedy."   *Id.*, citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937).   Plaintiff's declaratory relief action was properly filed, with reasonable justification.

For all of the above stated reasons, the Conteras Defendants' allegations are insufficient to support their claims of abuse of process, and the claim must be dismissed against Plaintiff.

IV.    CONCLUSION

Based on the foregoing, it is

ORDERED that Plaintiff's Motion to Dismiss Defendants' Abuse of Process Claim (ECF No. 26) is **GRANTED**, and the Conteras Defendants' second claim of relief for misuse and abuse of process is **DISMISSED**.

Dated: February 4, 2016.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE